**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**(EASTERN DIVISION)**

| | |
|---|---|
| MONICA MARTINEZ and YOMIRA GOMEZ, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GUZMAN Y GOMEZ CORP., a Delaware Corporation,<br><br>Defendant. | **Case No.:** 1:26-cv-6094<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**29 U.S.C. § 2101** *et seq.* |

Plaintiffs Monica Martinez ("Martinez") and Yomira Gomez ("Gomez") (collectively "Plaintiffs" or "Named Plaintiffs"), on their own behalf and on behalf of all others similarly situated, through their attorneys, for their Class Action Complaint against Defendant Guzman Y Gomez Corp. ("GYG" or "Defendant"), state as follows:

## NATURE OF THE CASE

1. This lawsuit arises as a class action under the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN") and the Illinois Worker Adjustment and Retraining Notification Act, 820 ILCS 65/1 et seq. ("IWARN") based on Defendant's failure to provide notice of mass layoff or plant closing.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' WARN claim pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1331 and 1337, and because all of Defendant's US business locations are all located in this District, Defendant conducts business in this District.

1

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district because Defendant's place of business is located within this judicial district and the events giving rise to Plaintiffs' claims occurred in this judicial district.

**PARTIES**

5. Named Plaintiff Monica Martinez is a resident of this District and was employed at Defendant's restaurant location in Evanston, Illinois. Ms. Martinez began her employment with Defendant in July 2025 as a Lead Barista and was promoted to Shift Leader approximately six months prior to the closure. Ms. Martinez earned $21.00 per hour and was regularly scheduled to work 40 hours per week.

6. Named Plaintiff Yomira Gomez is a resident of this District and was employed at Defendant's restaurant location in Des Plaines, Illinois. Ms. Gomez began her employment with Defendant in December 2024 as a Barista and was promoted to Shift Leader in May 2025. Ms. Gomez earned $23.00 per hour and was regularly scheduled to work between 38 and 40 hours per week.

7. The Named Plaintiffs and putative Class Members of the WARN and IWARN classes that they seek to represent are current and former employees of the Defendant who were subject to plant closings and/or a mass layoff, and who were not provided with the requisite notice under WARN and/or IWARN.

8. During the relevant statutory periods, the Named Plaintiffs and members of all putative classes were employed by Defendant as "employees" under WARN and IWARN.

2

9.      Defendant Guzman y Gomez Corp is a Delaware corporation registered to do business in the State of Illinois and engaged in the business of operating fast-casual Mexican restaurants in the Chicagoland area. On information and belief, Defendant operated no fewer than six (6) restaurant locations in the Northern District of Illinois at the time of the events giving rise to this action.

10.     On information and belief, Defendant Guzman y Gomez Corp is a wholly-owned subsidiary of Guzman y Gomez Limited, an Australian corporation ('GYG Australia'). At all relevant times, GYG Australia exercised centralized control over Defendant's labor relations, employment policies, and human resources operations, including the decision to close all United States restaurant locations. GYG Australia's People Team, headquartered in Australia, administered human resources functions for all of Defendant's United States employees. Scott Bayne, an executive of GYG Australia, personally authored and posted the closure announcement to Defendant's United States employee communication platform on May 21, 2026. By virtue of their common ownership, centralized control of labor relations, interrelated operations, and unified management structure, Defendant and GYG Australia constituted a single integrated enterprise and single employer within the meaning of WARN and IWARN.

11.     At all times, Defendant was Plaintiffs' and the Plaintiff Classes' "employer" within the meaning of the WARN and IWARN.

12.     At all times relevant to this case, Defendant employed 100 or more employees, not counting employees who have worked less than 6 months in the last 12 months and not counting employees who work an average of less than 20 hours per week.

## **FACTS COMMON TO ALL COUNTS**

3

13. On May 21, 2026, the Defendant's restaurant locations permanently closed. All six (6) of Defendant's Chicagoland restaurant locations abruptly closed.

14. Employees at all of Defendant's locations were terminated immediately without any prior notice on May 21, 2026.

15. On May 21, 2026, at approximately 8:11 p.m., Scott Bayne posted a message to Defendant's internal employee communication platform WorkVivo, titled 'RESTAURANT CREW - WHAT HAS HAPPENED,' announcing the immediate closure of all United States restaurant locations. The post stated: 'After careful consideration, we have made the difficult decision to exit the US market. This means we will be closing all our restaurants from today.' WorkVivo automatically delivered the full text of this announcement to employees' personal email addresses at approximately 8:11 p.m. on May 21, 2026. See WorkVivo notification email, attached as **Exhibit A**.

16. Upon information and belief, no employees of Defendant were given prior notice of termination on May 21, 2026.

17. Several employees scheduled to work on May 21, 2026 first learned of the mass layoff on May 21, 2026 or May 22, 2026.

18. Named Plaintiff Monica Martinez was employed at Defendant's Evanston, Illinois restaurant location beginning in July 2025 and most recently held the position of Shift Leader. Ms. Martinez's last day of work was May 21, 2026. Ms. Martinez first learned of the closure through a leaked internal company communication and did not receive any advance notice of termination from Defendant.

19. Named Plaintiff Yomira Gomez was employed at Defendant's Des Plaines, Illinois restaurant location beginning in December 2024 and most recently held the position of Shift

Leader. Ms. Gomez was off-duty on May 21, 2026 and first learned of the closure through Defendant's internal WorkVivo platform at approximately 8:11 p.m. that evening. Ms. Gomez preserved a screenshot of the WorkVivo post prior to its deletion by Defendant. Ms. Gomez did not receive any advance notice of termination from Defendant.

20.     Neither named Plaintiffs nor any members of the putative WARN and/or IWARN classes received at least 60 days' notice of the Defendant's plant closing and/or mass layoff.

21.     Neither the Named Plaintiffs nor members of the putative WARN and/or IWARN classes received compensation for the 60-day notice period that should have been paid under WARN and/or IWARN.

22.     On information and belief, Defendant and GYG Australia managed all United States restaurant locations through centralized control. Defendant's payroll for all United States employees was processed through a centralized payroll system. Human resources functions for all of Defendant's United States employees were administered by GYG Australia's People Team, based in Australia, including management of employee benefits, compensation inquiries, employment verification, and COBRA administration.

23.     By conducting business using the centralized administrative infrastructure of GYG Australia, including centralized human resources, payroll, and executive decision-making authority, Defendant and GYG Australia operated their interrelated businesses as a single joint employer and are jointly and severally liable for the violations under the law as alleged in this Complaint.

## CLASS ALLEGATIONS

24.     The Named Plaintiffs bring this action on behalf of themselves and all putative members of the Plaintiff Classes (which includes putative Classes A-B as defined herein).

25.  With respect to WARN and IWARN violations, the Named Plaintiffs represent, and are a member of, the putative Class A and Class B (the "WARN Class" and "IWARN Class" respectively) defined as follows:

"All employees who (1) worked at one of Defendant's Restaurant locations and (2) were terminated on May 21, 2026, or (3) were terminated as the reasonably foreseeable consequence of the plant closing and/or mass layoffs by Defendant on or about May 21, 2026, who (4) are affected employees within the meaning of 29 U.S.C. § 2101(a)(5), who (5) did not receive at least 60 days prior notice of the plant closing and/or mass layoff."

26.  The Named Plaintiffs do not know with certainty the number of members in each of the Plaintiff Classes A-B at this time, but reasonably estimate that putative Classes A-B each include approximately 500 or more individuals. Thus, this matter should be certified as a Class Action to assist in the expedition litigation of this matter.

27.  This action is brought as a class action under Fed. R. Civ. P. 23 because the Plaintiff Classes A-B are so numerous that joinder of all class members is impracticable.

28.  The Named Plaintiffs and members of the WARN and IWARN classes were harmed by acts of the Defendant when they were terminated and suffered an employment loss due to the Defendant's plant closing and/or mass layoff, without requisite notice. Common questions of law and fact include but are not limited to the following:

a.  Whether the members of the WARN and/or IWARN classes were employees of the Defendant who worked at or reported to Defendant's facilities;

b.  Whether Defendant unlawfully terminated the employment of the members of the WARN and/or IWARN classes without cause on their part and without giving them 60 days advance written notice, in violation of WARN and/or IWARN; and

c.  Whether Defendant unlawfully failed to pay the WARN and/or IWARN class members 60 days wages and benefits as required by WARN and IWARN.

29.  The Plaintiff Class members may be reluctant to raise individual claims for fear of

6

retaliation, or for fear that bringing an individual claim against a former employer may hinder their ability to find new employment.

30. This class action suit seeks only damages and any other relief permitted under WARN, and IWARN. The Named Plaintiffs reserve the right to expand, combine, or subdivide the Class definitions as warranted, as facts are learned in further investigation and discovery.

31. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class.

32. The Named Plaintiffs, putative members of Classes A-B, and Defendant have a commonality of interest in the subject matter and remedy sought.

33. The Named Plaintiffs are able to fairly and adequately represent and protect the interests of the Plaintiff Classes A-B, and Defendant has no defenses unique to the Named Plaintiffs.

34. The Named Plaintiffs' Counsel is competent and experienced in class and complex litigation.

35. If individual actions were required to be brought by each member of the Classes A-B affected, the result would be a multiplicity of actions, creating a hardship to the Plaintiff Classes, to the Court, and to the Defendant. Accordingly, a class action is not only appropriate, but the superior method for the fair and efficient adjudication of this controversy. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendant has acted on grounds generally applicable to each of the Plaintiff Classes A-B, thereby making appropriate final relief with respect to the Plaintiffs Classes A-B as a whole.

## COUNT I
### FEDERAL WARN ACT CLAIM
### (CLASS ACTION AGAINST DEFENDANT)

7

37. The Named Plaintiffs incorporate the above paragraphs as though fully set forth herein.

38. This Count arises from Defendant's violation of the federal WARN Act, 29 U.S.C. § 2101 et seq., as a result of the mass layoffs or plant closings by Defendant on May 21, 2026 for which Defendant did not provide its employees 60 days advance written notice of their terminations as required by law.

39. At all relevant times, the Corporate Defendant was an "employer" as defined by the WARN Act, 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoff or plant closing as described in the statement attached as Exhibit A.

40. Prior to its closure and mass layoff of employees, the corporate Defendant employed more than 100 employees in its Restaurant locations and/or had 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of overtime.

41. Defendant provided NO prior notice to employees of store closings or termination.

42. Defendant's restaurant locations closing constitutes a "plant closing" and/or "mass layoff" as defined by WARN, 29 U.S.C. § 2101(a)(2), (3).

43. The mass layoff or plant closing resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(6) for at least fifty of Defendant's employees as well as 33% of Defendant's workforce, excluding "part time employees" as that term is defined by 29 U.S.C. § 2101(a)(8).

44. The Named Plaintiffs and WARN Class members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing by Defendant.

45. On information and belief, more than 500 employees were terminated from Defendant's Restaurant locations, including the Named Plaintiffs and members of the WARN class, were "affected employees" as defined by 29 U.S.C. § 2101(a)(5).

46. Defendant was required by WARN to give the Named Plaintiffs and WARN class members at least 60 days advance written notice of their terminations.

47. Defendant failed to provide the Named Plaintiffs and all members of the WARN class the 60-day notice period required before plant closings and mass layoffs prior to laying off or terminating employees.

48. Defendant failed to pay the Named Plaintiffs and each member of the WARN class their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, and/or accrued PTO for 60 days following their respective terminations.

49. Upon information and belief, Defendant failed to pay employee benefits for 60 days from and after the dates of the Named Plaintiffs and the WARN class members' terminations.

50. Defendant's failure to give the Named Plaintiffs and all members of the WARN class at least sixty (60) days prior written notice of termination as a result of its closing of Defendant's Restaurant locations and the consequent termination of its "affected employees" constitutes a violation of the provisions of WARN, 29 U.S.C. § 2101, et seq.

51. Defendant has failed and refused to pay the Named Plaintiffs and all members of the WARN class the amount of pay and benefits owed to them under WARN.

52. Defendant willfully violated the WARN Act. Defendant's own Board of Directors made a deliberate decision to close all United States restaurant locations, as confirmed by Defendant's written communications to employees stating that "the Board has decided that the closure of these restaurants is the best decision for shareholders."

9

53. By failing to provide statutory notice, Defendant willfully violated WARN, 29 U.S.C. § 2101 et seq.

WHEREFORE, the Named Plaintiffs, on behalf of themselves and all other similarly situated individuals known and unknown, respectfully request that this Court enter an order as follows:

 a. Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3)

 b. Appointing Named Plaintiffs as Class Representatives and their Counsel as Class Counsel

 c. Awarding judgement in an amount equal to all unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, accrued PTO, and other benefits which should have been paid during the 60 days after notice of termination under WARN.

 d. Awarding the maximum amount of any civil penalty available under WARN;

 e. Awarding reasonable attorneys' fees and costs incurred in filing this action; and

 f. Ordering such other and further relief as this Court deems appropriate and just.

**COUNT II**
**ILLINOIS WARN ACT CLAIM**
**(CLASS ACTION AGAINST DEFENDANT)**

54. The Named Plaintiffs incorporate the above paragraphs as though fully set forth herein.

55. This Count arises from Defendant's violation of the Illinois state WARN Act, 820 ILCS 65/5 et seq., as a result of the mass layoffs or plant closings by Defendant on May 21, 2026, for which Defendant did not provide its employees 60 days advance written notice of their

terminations as required by law.

56.     At all relevant times, the Corporate Defendant was an "employer" as defined by IWARN, 820 ILCS 65/5(c) and continued to operate as a business until it decided to order a mass layoff or plant closing as described in the WorkVivo notification email attached as Exhibit A.

57.     Prior to its closure and mass layoff of employees, the corporate Defendant employed more than 75 employees in its Restaurant locations and/or had 75 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of overtime

58.     No employees were provided advanced notice of mass layoffs on May 21, 2026.

59.     Defendant's restaurant locations closing, as detailed in the WorkVivo notification email attached as Exhibit A, constitutes a "plant closing" and/or "mass layoff" as defined by IWARN, 820 ILCS § 65/5(f), (d).

60.     The mass layoff or plant closing resulted in "employment losses," as that term is defined by 820 ILCS 65/5(b) for at least 50% of Defendant's workforce during a 6-month period.

61.     The Named Plaintiffs and IWARN Class members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing by Defendant.

62.     On information and belief, more than 500 employees were terminated from Defendant's Restaurant locations, including the Named Plaintiffs and members of the WARN class, were "affected employees" as defined by 820 ILCS 65/5(a).

63.     Defendant was required by IWARN to give the Named Plaintiffs and IWARN class members at least 60 days advance written notice of their terminations. 820 ILCS 65/10.

64.     Defendant failed to provide the Named Plaintiffs and all members of the IWARN class the 60-day notice period required before plant closings and mass layoffs prior to laying off

11

or terminating employees.

65.     Defendant failed to pay the Named Plaintiffs and each member of the IWARN class their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, and/or accrued PTO for 60 days following their respective terminations.

66.     Upon information and belief, Defendant failed to provide employee benefits for 60 days from and after the dates of the Named Plaintiffs' and the IWARN class members' terminations.

67.     Defendant's failure to give the Named Plaintiffs and all members of the IWARN class at least sixty (60) days prior written notice of termination as a result of its closing of Defendant's Restaurant locations and the consequent termination of its "affected employees" constitutes a violation of the provisions of IWARN, 820 ILCS 65/5, et seq.

68.     Defendant has failed and refused to pay the Named Plaintiffs and all members of the IWARN class the amount of pay and benefits owed to them under IWARN.

69.     Defendant willfully violated the IWARN Act. Defendant's own Board of Directors made a deliberate decision to close all United States restaurant locations, as confirmed by Defendant's written communications to employees stating that "the Board has decided that the closure of these restaurants is the best decision for shareholders."

70.     By failing to provide statutory notice, Defendant willfully violated IWARN, 820 ILCS 65/5 et seq.

WHEREFORE, the Named Plaintiffs, on behalf of themselves and all other similarly situated individuals known and unknown, respectfully request that this Court enter an order as follows:

   a.   Determining that this action may be maintained as a class action under Fed. R. Civ.

12

P. 23(b)(3)

b. Appointing Named Plaintiffs as Class Representatives and their Counsel as Class Counsel

c. Awarding judgement in an amount equal to all unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, accrued PTO, and other benefits which should have been paid during the 60 days after notice of termination under IWARN;

d. Awarding the maximum amount of any civil penalty available under IWARN;

e. Awarding reasonable attorneys' fees and costs incurred in filing this action; and

f. Ordering such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues triable by jury.

Respectfully submitted this 24th day of May, 2026.

/s/ Syed H. Hussain
Syed Haseeb Hussain, Esq. (IL# 6331378)
**HASEEB LEGAL, PLLC**
420 E Waterside Dr #3004
Chicago, IL 60601
M: (954) 225-4934
O: (630) 534-2527
E: sh@haseeblegal.com

13